# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Catherine Valdez<br>420 Cedar Bluff<br>Roanoke, VA 24013<br><br>　　　Plaintiff,<br><br>v.<br><br>ARM WNY, LLC<br>c/o United Corporate Services<br>1276 Veterans Hwy.<br>Bristol, PA 19007<br><br>　　　Defendant. | Case No. 7:14CV00263 |

# COMPLAINT

## FAIR DEBT COLLECTION PRACTICES ACT

### Jury Demanded

Now comes Plaintiff, by and through her attorneys, and for her Complaint she alleges as follows:

### JURISDICTION AND VENUE

This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

1. Plaintiff, Catherine Valdez, incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

2. Plaintiff is a resident of the State of Virginia.

3. Defendant is a corporation with its principal office in the State of Pennsylvania.

4. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

5. Defendant regularly collects, or attempts to collect, debts owed or due another. "Mary" is an agent/employee of the Defendant.

6. At all times relevant hereto, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

7. On or around January 24, 2014, Defendant communicated with Plaintiff to collect a Debt.

8. During that communication, Plaintiff clearly informed Defendant that she was represented by an attorney to file for bankruptcy. She provided the attorney's contact information to Defendant.

9. Notwithstanding Plaintiff's having informed Defendant that Plaintiff was represented by an attorney, Defendant, by its agent and employee, Mary, telephoned Plaintiff with respect to collection of the Debt at least one time thereafter.

10. On or around January 24, 2014, despite having been informed that Plaintiff was represented by an attorney with respect to the Debt, Defendant telephoned Plaintiff to Collect the Debt.

11. In addition to speaking directly to Catherine, Mary also left a very detailed, nasty message on Catherine's answering machine stating that Catherine did not want to pay her debts even though Catherine had endured many calls from Defendant over a period of many months.

12. As a result of the message on the answering machine, Catherine's room-mate, with whom she is not related, heard the entire details of the Defendant's debt collection efforts.

13. Catherine therefore suffered great embarrassment, humiliation and mortification.

14. About a week later, Mary, on behalf of Defendant, again contacted Catherine by telephone, despite the fact that Catherine had previously advised Defendant to cease its collection activities and telephone calls.

15. In this telephone call, Mary accused Catherine of lying to her as to Catherine's employment. In fact Mary had no basis in fact to make such a statement. This statement was false.

16. Defendant damaged Plaintiff including, but not limited to, her suffering mental distress and anguish.

17. Defendant violated the Fair Debt Collection Practices Act (15 USC § 1692 *et. seq.*)(commonly referred to as the "FDCPA").

## COUNT I

18. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

19. Defendant violated 15 USC § 1692b by leaving a message on Catherine's answering machine that could be, and in fact was, heard by Catherine's room-mate, a person unrelated to Catherine, and that detailed the asserted Debt and Defendant's efforts to collect the same.

## COUNT II

20. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21. Defendant violated 15 USC § 1692f by engaging in unfair or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT III

22. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

23. Defendant violated 15 USC § 1692b by leaving a message detailing its efforts to collect the Debt on Catherine's answering machine that could be, and was in fact, heard by Catherine's room-mate – a person not related to Catherine.

## COUNT IV

24. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

25. Defendant violated 15 USC § 1692c(b) by leaving a message on Catherine's answering machine detailing its efforts to collect the Debt - that could be and was heard by Catherine's room-mate – a person not related to Catherine.

## COUNT V

26. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

27. Defendant violated 15 USC § 1692c(b) by contacting a third party and communicating to that other person without the prior consent of the consumer in an express attempt to collect the alleged Debt.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

1. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

2. Judgment against Defendant for $1,000 in statutory damages for each of Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

4. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Catherine Valdez


By: /s/ David P. Leibowitz_____
    David P. Leibowitz
    Appearing PRO HAC VICE

and

JOHN CARTER MORGAN, JR., PLLC

 /s/ John C. Morgan
John C. Morgan, Esq. VSB # 30148
98 Alexandria Pike, Suite 10
Warrenton, VA 20186
(540) 349-3232
(FAX) 349-1278
*Counsel for the Plaintiff*